IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )    Crim. No. 09-117-SLR
                                     )
SEAN D. WOODSON,                     )
                                     )
          Defendant.                 )

## MEMORANDUM ORDER

## I. BACKGROUND

On February 17, 2010, a federal grand jury returned a superseding indictment

and notice of forfeiture against defendant Sean D. Woodson charging him with

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924(e). (D.I. 18) Defendant[1] moved to suppress physical evidence, arguing that

plaintiff had not demonstrated that there was reasonable suspicion to support the

warrantless probation search nor established that he voluntarily consented to the

search. (D.I. 21) An evidentiary hearing was conducted on April 29, 2010.[2]

---

[1]At the time, defendant was represented by counsel and his counsel filed an opening and reply brief on his behalf, as well as represented defendant at the evidentiary hearing. However, prior to the court's ruling on the suppression motion, defendant filed a pro se motion to terminate representation. (D.I. 31) Following the denial of the suppression motion, the court conferred with the parties and scheduled a hearing to assess defendant's motion.

[2]Testifying on behalf of plaintiff was Brian Payton ("Payton"), a probation and parole officer ("probation officer") for the Delaware Department of Correction. (D.I. 34 at 2-3) Payton was defendant's probation officer during the events at issue.

Defendant's motion was denied and a teleconference was conducted on August 3, 2010. (D.I. 35)

A hearing on defendant's motion to terminate representation by counsel was held on August 11, 2010, wherein defendant stated his desire to represent himself without the assistance of counsel. After conducting an inquiry pursuant to *United States v. Peppers*, 302 F.3d 120, 130 (3d Cir. 2002), the court found that defendant has the constitutional right to defend himself and is exercising the right knowingly and voluntarily. (D.I. 40) Stand-by counsel was appointed and a briefing schedule with respect to defendant's pretrial motions[3] was entered.

In response, defendant:[4] (1) filed objections to the court's denial of his motion to suppress (D.I. 41);[5] (2) moved to implement evidence pursuant to Fed. R. Evid. 615

---

[3]At the time of his arraignment, defendant was given until February 12, 2010 to file pretrial motions. (D.I. 10) The court granted defendant's motion to extend the pretrial deadline until March 15, 2010. (D.I. 15, 16) At the arraignment for the superseding indictment, defendant was granted additional time to file pretrial motions by March 27, 2010. (D.I. 19) As the court granted defendant's request to terminate representation by counsel and for self-representation, additional time was given for the parties to file papers regarding defendant's pending pretrial motions. Although additional time for pretrial motions was not ordered, given the unique circumstances at bar, the court has considered the pending motions. *See infra* p. 5.

[4]Unless otherwise noted, defendant filed and briefed the motions at issue without the assistance of stand-by counsel.

[5]Filed August 16, 2010, with plaintiff's response filed August 27, 2010 and defendant's reply filed on September 2, 2010.

(D.I. 38);[6] (3) moved to inspect the notes of the grand jury (D.I. 43);[7] (4) moved to dismiss the indictment (D.I. 43);[8] (5) moved for court ordered withdrawal (D.I. 58);[9] (6) objected to the court's jurisdiction (D.I. 59);[10] (7) moved to dismiss the defective complaint (D.I. 60);[11] (8) filed a motion in limine to exclude irrelevant, prejudicial and other crimes evidence (D.I. 61);[12] (9) filed a motion in limine to exclude evidence seized (D.I. 62);[13] (10) ordered the court to not accept any motion by stand-by counsel (D.I. 64);[14] and (11) asserted his right to a speedy trial (D.I. 65).[15]  On October 27, 2010, plaintiff filed a motion for a status conference to set a trial date.  (D.I. 63)  The court has jurisdiction pursuant to 18 U.S.C. § 3231.

---

[6]Filed on August 11, 2010, with plaintiff's response filed on August 12, 2010 and defendant's reply filed on August 24, 2010.

[7]Filed on August 24, 2010, with plaintiff's response filed September 10, 2010 and defendant's reply filed on September 20, 2010.

[8]Filed on August 24, 2010, with plaintiff's response filed September 10, 2010 and defendant's reply filed on September 20, 2010.

[9]Filed on October 8, 2010, with no response filed by plaintiff.

[10]Filed on October 8, 2010, with no response filed by plaintiff.

[11]Filed on October 8, 2010, with no response filed by plaintiff.

[12]Filed on October 21, 2010, with no response filed by plaintiff.

[13]Filed on October 21, 2010, with no response filed by plaintiff.

[14]Filed on October 26, 2010, with no response filed by plaintiff.

[15]Filed on October 26, 2010, with no response filed by plaintiff.

3

## II. DISCUSSION

### A. Objections to the Court's Memorandum Order[16]

The Rules of Criminal Procedure do not include a provision that governs motions for reconsideration. The United States Court of Appeals for the Third Circuit, however, has held that motions for reconsideration may be filed in a criminal case. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). To warrant reconsideration, the movant must overcome a high threshold by demonstrating: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) that it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Motions for reconsideration are not designed to provide parties with a second bite of the apple and mere disagreement with the court's opinion is insufficient to warrant granting the motion. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Defendant argues that the court committed a factual error by finding that "Payton had discovered the loose Percocet pills concealed within defendant's cigarette pack prior to the search," because Payton testified that "he did not know whether the pills he found were of a prescription nature prior to the search." (D.I. 41 at 1) Defendant

---

[16]Although entitled "Defendant's Objection to the Courts (sic) Denial of Suppression Motion," the court construes this as a motion for reconsideration because defendant is requesting that the court reconsider its "erroneous" decision. (D.I. 41 at 2)

4

asserts that, because of the court's finding, the government did not carry its burden and the evidence must be suppressed.

Without reaching whether defendant has satisfied the threshold for reconsideration, the court finds reexamination is warranted in light of the unique circumstances of the case. Specifically, defendant was represented by counsel at the time the motion was filed and briefed, as well as the evidentiary hearing. Shortly after the motion was denied, the court granted defendant's request to proceed pro se and allotted additional time for briefing on defendant's motions. During this period, defendant raised objections to the decision, focusing primarily on the record developed at the evidentiary hearing and the court's interpretation of that record. Considering that defendant did not have the opportunity to question Payton or present legal arguments regarding the record developed at the evidentiary hearing, the court will consider defendant's claim that the search was not supported by reasonable suspicion because Payton did not know that the pills were Percocet until sometime after the search.

To that end, the court has reexamined the record of the evidentiary hearing, with a distinct recollection of the credibility determinations made at that time[17] against the pertinent legal analysis,[18] and concludes[19] that suppression of evidence is unwarranted

---

[17]*United States v. McKneely*, 6 F.3d 1447, 1453 (10th Cir. 1993); *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003) (credibility determinations are best resolved by the trier of fact).

[18](D.I. 35 at 5-8)

[19]In so doing, the court incorporates by reference the memorandum order dated July 14, 2010 (D.I. 35).

5

because the search was supported by reasonable suspicion. Significantly, Payton, a

probation officer with over 13 years of experience, testified that he was assigned to

supervise defendant's[20] probation. On October 8, 2009, defendant had a prearranged

office visit scheduled with Payton. In preparation for their meeting, Payton conducted

a NCIC computer check which revealed that defendant had an outstanding arrest

warrant issued by the State of Maryland for burglary and theft charges. When

defendant arrived for their meeting, Payton took defendant into custody on the

Maryland arrest warrant. Consistent with standard operating procedure used for

offenders placed in custody before transport to prison, Payton placed defendant in

handcuffs, conducted a pat-down search and removed defendant's personal property

(a set of keys and an open pack of cigarettes).

Some time after defendant was transported to jail, Payton looked inside the

cigarette pack and observed nine, loose pills. He testified that the pills were **later**

determined to be Percocet. Payton testified that he has observed offenders abuse

prescription pills like Percocet and that there is a market for the illegal distribution of

Percocet. According to Payton, it is illegal to carry pills (like Percocet) outside of the

corresponding prescription bottle and that it was common for people who deal or abuse

drugs to not carry the pills in prescription bottles. Although probationers are asked to

---

[20]As referenced in detail in the court's opinion of July 14, 2010, as a result of a burglary in the third degree conviction, defendant was sentenced to a term of probation by the Superior Court of Delaware in and for Sussex County. On February 8, 2009, defendant signed a "conditions of supervision form" that identified the requirements with which he had to comply. Included among the mandatory conditions is the following: **"YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING QUARTERS, PERSON OR VEHICLE WITHOUT A WARRANT AT ANY TIME BY A PROBATION/PAROLE OFFICER."** (D.I. 35 at 2; GX2 at 2 (emphasis in original)).

inform their probation officers of any prescription drugs, defendant did not report to Payton that he had a prescription for Percocet. Payton also testified that loose pills (concealed in a manner consistent with those found in the cigarette pack) are indicative of illegal drug use or illegal drug dealing and that Payton suspected more pills would be found in defendant's car.

Considering Payton's testimony and the reasonable inferences to be drawn therefrom, the court concludes that Payton knew that, at a minimum, defendant was in possession of, and concealing, some type of contraband - which constitutes reasonable suspicion to justify a search in these circumstances. *United States v. Williams,* 417 F.3d 373, 376 (3d Cir. 2005); *United States v. Randle*, 639 F.Supp.2d 560, 562 (E.D. Pa. 2009).

### B. Motion to Implement Fed. R. Evid. 615.

Defendant has moved for sequestration or exclusion of certain witnesses during the trial of this matter. (D.I. 38) Although plaintiff does not oppose the motion, defendant has filed a reply requesting that the court grant the motion because plaintiff has reserved its right to call certain witnesses. (D.I. 39, 42) In light of the court's standard practice to sequester all witnesses except the case agent and expert witnesses, defendant's motion is granted.

### C. Motions to Inspect Grand Jury Minutes and to Dismiss Indictment

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. Procter & Gamble,* 356 U.S. 677, 682 (1957). A court may authorize disclosure of grand jury

7

testimony, however, if the defendant shows that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). "Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information . . . bears the heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may exist and create a basis for dismissal of the indictment.'" *United States v. Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004) (quotation omitted); *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). After a need is demonstrated, the court "must weigh the competing interests and order so much disclosure as needed for the ends of justice." *In re Grand Jury Matter (Catania)*, 682 F.2d 61, 62 (3d Cir. 1982). The decision to permit disclosure of grand jury transcripts is within the discretion of the trial court. *United States v. Mahoney*, 495 F. Supp. 1270, 1272 (E.D. Pa. 1980).

Defendant moves for release of portions of the grand jury minutes to determine whether the evidence presented was legally sufficient. (D.I. 43) He argues that the government did not impartially instruct the grand jury as to each element of the offense charged and moves to dismiss the indictment because, he claims, the evidence presented to the grand jury was legally insufficient. The court finds these reasons vague, conclusory and fail to demonstrate a particularized need for disclosure. Moreover, a motion to dismiss an indictment is not a permissible vehicle to address the sufficiency of the government's evidence. *United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000).

To the extent defendant claims that the indictment should be dismissed because of prosecutorial misconduct at the grand jury proceedings, the court finds insufficient evidence in the record. The grand jury serves as a referee or buffer between the government and the people. *United States v. Williams*, 504 U.S. 36, 47 (1992). It is an accusatory body that sits "not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." *Id.* at 51; *Bracy v. United States*, 435 U.S. 1301, 1302 (1978). An individual under investigation does not have the right to testify before the grand jury nor the right to have exculpatory evidence presented on his or her behalf. *Williams*, 504 U.S. at 52. Therefore, a district court may not dismiss an otherwise valid indictment on the ground that the government failed to disclose to the grand jury exculpatory evidence that was in its possession; "courts have no authority to prescribe such a duty [to disclose exculpatory evidence to the grand jury]." *Id.* at 55; *United States v. Minerd*, 299 Fed. Appx. 110, 112 (3d Cir. 2008).

The United States Court of Appeals for the Third Circuit[21] has recognized that a criminal defendant may raise a due process challenge to an indictment against [him/]her based on a claim that the government employed outrageous law enforcement investigative techniques. *United States v. Nolan-Cooper*, 155 F.3d 221, 229 (3d Cir. 1998). In order for the challenged conduct to implicate "outrageousness," the "conduct must be shocking, outrageous, and clearly intolerable . . . ." *Id.* at 231. However,

---

[21]In *United States v. Twigg*, 588 F.2d 373, 380-81 (3d Cir. 1978), the only case where the defense was successful and resulted in the dismissal of the indictment, the Third Circuit found that government agents and an informant had created new crimes for the sole purpose of pursuing criminal charges against individuals who were "lawfully and peacefully minding [their] own affairs."

"courts have experienced considerable difficulty in translating 'outrageous misconduct' into a defined set of behavioral norms." *Id.* at 230.   Nonetheless, "[t]his does not relieve [courts] from the obligation to enforce bounds of constitutional acceptability." *United States v. Lakhani*, 480 F.3d 171, 180-81 (3d Cir. 2007).

The "judiciary is extremely hesitant to find law enforcement conduct so offensive that it violates the Due Process Clause." *United States v. Voigt*, 89 F.3d 1050, 1065 (3d Cir. 1996).  To that end, the Third Circuit has admonished that the doctrine is to be implicated only "in the face of the most intolerable government conduct" and "not each time the government acts deceptively or participates in a crime that it is investigating." *Lakhani*, 480 F.3d at 180 (citations and quotations omitted); *United States v. Pitt*, 193 F.3d 751, 761 n.11 (3d Cir. 1999) (collecting cases); *United States v. DeRewal*, 10 F.3d 100, 105 n.3 (3d Cir. 1993) ("in the 15 years since [the outrageous conduct doctrine] was decided, [the Third Circuit] has not found any case warranting dismissal of criminal charges on a similar ground").  The record at bar simply does not establish any outrageous government conduct; therefore, defendant may not prevail on his motion.

### D. Motion for Court Ordered Withdrawal and Objection to Jurisdiction

Essentially, defendant is moving for release from custody on the basis that the charges against him are unlawful.  In light of the court's discussion and findings regarding the motion to dismiss the indictment, there is no basis for the relief requested. The indictment has not been dismissed; this motion is denied.

Similarly, defendant's contention that the court lacks jurisdiction is without merit.

This court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. McLain*, 597 F. Supp. 2d 987 (D. Minn. 2009).

### E. Motion to Dismiss the Defective Complaint

Defendant's motion to dismiss the defective complaint (D.I. 60) is essentially a challenge to the indictment based on alleged deficiencies in the charging and indictment process. Particularly, defendant complains that: (1) no one with personal knowledge brought the criminal complaint; and (2) the indictment charges him with a crime that is permissible under the Second Amendment.

The docket reflects that the case at bar was opened upon the return of an indictment by the grand jury on December 10, 2009. *United States v. McLain*, 597 F. Supp. 2d 987 (the purpose of a criminal complaint is to establish probable cause for an arrest; it is not a prerequisite to the issuing of an indictment). The alleged defects identified by defendant ostensibly appear in documents that may have been filed in Delaware State court proceedings related to this matter; however, any such documents are not binding on this court. This case has proceeded according to the Federal Rules of Criminal Procedure and nothing has been presented to demonstrate otherwise.

Defendant's Second Amendment argument was rejected by the United States Supreme Court in *District of Columbia v. Heller*, ___ U.S. ___, 128 S.Ct. 2783, 2816-17,(2008).[22] According to the Court, "nothing in our opinion [striking down a District of Columbia statute prohibiting individual possession of firearms] should be taken to cast

---

[22]The Supreme Court held that the Second Amendment protects a fundamental, albeit not unlimited, individual right to keep and bear arms. *Id.* at 2799.

11

doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.*; *see e.g., United States v. Gilbert,* No. 07-30153, 286 Fed. Appx. 383, 386 (9th Cir. July 15, 2008) (noting that under *District of Columbia v. Heller,* felons do not have a right to possess any firearms); *United States v. Li,* No. 08-CR-212, 2008 WL 4610318, *6 (E.D. Wis. Oct.15, 2008) (denying a motion to dismiss indictment on charges of being a felon in possession of a firearm after *District of Columbia v. Heller* ).

## III. CONCLUSION

### A. Remaining Motions and Schedule

At Wilmington this $\mathcal{25}^{\text{th}}$ day of October, 2010, in order to promote judicial economy and to move the case forward toward trial;

IT IS ORDERED that:

1. On or before **November 5, 2010**, plaintiff shall file a response to defendant's pending motions (D.I. 61, 62, 65). Defendant may file a reply on or before **November 19, 2010.**

2. Motions in limine shall be filed on or before **November 19, 2010**, with responses to any motions filed by **November 30, 2010**. Proposed jury instructions, proposed verdict sheet and voir dire shall be filed on or before **November 24, 2010**.

3. A pretrial conference is scheduled to commence on **Thursday, December 2, 2010** at **4:30 p.m.** in courtroom No. 4B, on the fourth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

4.  A jury trial is scheduled to commence on **Tuesday, January 4, 2011** at **9:30 a.m.** in courtroom No. 4B, on the fourth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

5.  The time between this order and the pretrial conference shall be excludable under the Speedy Trial Act in the interests of justice, 18 U.S.C. § 3161 et seq.


_____
United States District Judge