IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 09-117-SLR |
| ) | |
| SEAN D. WOODSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 13th day of December, 2010, having reviewed the pending motions in limine;

IT IS ORDERED that:

1. Defendant's motion in limine to exclude "irrelevant, prejudicial and other crimes evidence" (D.I. 61) is denied to the extent the court has granted the government's motions in limine discussed below.

2. Defendant's motion in limine to exclude evidence seized (D.I. 62) is denied. The court has already denied defendant's motion to suppress evidence (D.I. 35,67); it is for the jury to determine whether the vehicle and the items seized therefrom were in the possession and/or control of defendant. *See, e.g., United States v. Ross*, 2007 WL 2571620 (E.D. Pa. Aug. 31, 2007).

3. The government's motion in limine to admit evidence regarding defendant's probationary status and evidence of defendant's drug possession and use (D.I. 71) is granted. In order for such evidence to be admissible under Fed. R. Evid. 404(b), the

evidence: (a) must have a proper purpose; (b) must be relevant; (c) its probative value must outweigh its potential for unfair prejudice; and (d) the court must charge the jury to consider th evidence only for the limited purpose for which it is admitted. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

    a. In this case, evidence regarding defendant's probationary status and the reasons for his arrest and search of his car is relevant and a necessary context for the jury to understand the charged crime. *See United States v. Green*, 617 F.3d 233, 247 (3d Cir. 2010). Moreover, the jury will not be told of the specific crime for which defendant was serving probation, or for which he was wanted on the outstanding warrant; therefore, no unfair prejudice will result.

    b. The drug-related evidence on the defendant's person and in the trunk of his car is admissible, as it provides a possible motive and intent to possess a firearm, that is, to protect defendant's illegal drugs and drug paraphernalia.

    c. The court will charge the jury consistent with the limiting instruction attached hereto as exhibit A to this order.

4. The government's motion in limine regarding defendant's prior convictions (D.I. 72) is granted, consistent with Fed. R. Evid. 609 and under the following conditions:

    a. Such information will be elicited only should defendant argue at trial that he was not in possession of the loaded revolver that was found inside a "firebox" located in the trunk of his car and takes the stand to so testify, as credibility would then become a central focus of the case.

    b. The government will only inquire as to the fact of conviction (i.e., that

defendant has been convicted of a "felony" offense) and the dates of such convictions.

_____
United States District Judge