IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEAN WOODSON, ) <br> ) <br> Defendant. ) | Crim. No. 09-117-SLR |

**MEMORANDUM ORDER**

At Wilmington this 5th day of August, 2011, having considered defendant's motion for new trial and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, the motion for new trial (D.I. 117) is granted.[1]

1. **Background.** On January 7, 2011, a jury convicted defendant of one count of an indictment charging him with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 111) Defendant has moved for a new trial, arguing in part that the court erred by responding to a jury question without first consulting with counsel. (D.I. 117) Defendant avers that the court's response was "clearly an attempt to affirmatively guide the jury on how it should fulfill its decision making function" and failed to answer the juror's initial question. (D.I.

---

[1] Accordingly, the remaining motions (D.I. 120, 139, 145, 148, 149) are denied without prejudice to renew.

146, 153) Plaintiff responds that any error associated with the court's communication was harmless and does not warrant a new trial. (D.I. 152)

2. The record reflects that, at approximately 4:20 p.m. on the first day of jury deliberations, the jury sent the following written question: "The charges on page 18 have to apply for all or just one?" (D.I. 128 at 117) The court, without conferring with counsel, responded: "I'm sorry. I don't understand the question. There's only one count with three elements." (*Id.*) The jury sent another response: "Okay. We understand. See you tomorrow." (*Id.*) The court, without conferring with counsel sent a reply: "I might want to make sure we're all on the same page by another note tomorrow. Safe drive tonight and tomorrow." (*Id.*) The jurors then were dismissed for the evening recess.

3. At about 4:50 p.m., in open court with counsel present, the series of communications were discussed, as follows:

> THE COURT: All right. First of all, I did instruct the alternates to come back tomorrow since there is a forecast of snow and I don't know what's going to happen with our jurors. At the end of the day, we got the following question. And let me give you my response, but I think we need to supplement my response. (Court read aloud the jury questions and responses as noted, infra ¶2)
>
> \*       \*       \*
>
> THE GOVERNMENT: Your Honor, I just want to make sure I have the right copies. Page 18 is the heading count 1, possession of a firearm.
> THE COURT: And it gives the three elements.
> THE GOVERNMENT: Right.
> THE COURT: And so if you want to think about it overnight and see whether there's something we need to reiterate to make sure that they're following the instructions and doing what they're supposed to do, I would appreciate it. I truly didn't know how to respond to it and I was hoping to get some illumination before I brought you in. I'm not sure I did. It's possible we can just say we want to make sure you understand there's

2

one count, three elements. The government does have to prove each of
the three elements beyond a reasonable doubt, as explained in the jury
instructions. I don't know.
THE GOVERNMENT: Your Honor, that sounds reasonable to me. I,
frankly, don't understand the question either.
STANDBY COUNSEL:[2] If Your Honor please, I don't understand the
scenario and I think I got it wrong. We would object if the court is answering
questions to the jury without us first knowing what the question is and being
consulted.
THE COURT: Well, I usually do, but because I didn't even understand the
question, I just asked for some illumination. . . . I'm asking you now whether
there is any response you would like to be given to this question.
STANDBY COUNSEL: I think we'd like to - - is it possible that we could
see the question? Just have a copy of it?
THE COURT: Yes. I think you can give that to them, although you might
want to give a copy to the government too.
STANDBY COUNSEL: I just want to put on the record that we would
object to the court answering any questions to the jury without my client
being present and counsel.
THE COURT: All right.
(Jury question handed to counsel.)
THE COURT: And then you can also note for the record whether there's
anything incorrect about the response I gave.
STANDBY COUNSEL: I would just like to do a little research on this
tonight.

(D.I. 128 at 116-119) The following day, the issue was further discussed in open court:

THE COURT: With respect to the jury instructions, thinking about it
overnight, I came up with this just to make sure the jurors were on the
right track, but certainly any thoughts from counsel should be made of
record as to whether anything should be sent back or something
different should be sent back.
THE GOVERNMENT: Your Honor, the government has no objections
to the proposed instructions.

---

[2]On August 11, 2010, a hearing was held to consider defendant's motion to
proceed pro se, without the assistance of counsel. (D.I. 85) After an extensive
colloquy, the court found that defendant had knowingly and voluntarily waived the right
to counsel and permitted defendant to represent himself with standby counsel. (*Id.* at
13) On August 16, 2010, the decision was memorialized and parameters of
defendant's representation were explained. (D.I. 40) Standby counsel, Peter Levin,
Esquire ("Mr. Levin"), was appointed on August 24, 2010. (D.I. 45)

3

> THE COURT: All right. Mr. Levin and actually,
> it should be defendant. I've been relying on Mr. Levin, but I really
> shouldn't under the circumstances. . . .
> DEFENDANT: I apologize for that sometimes. He's quicker on the
> trigger than me. First of all, I would like to re-object to what he
> asserted last night about answering outside of our presence.
> STANDBY COUNSEL: Who's "he"?
> DEFENDANT: Mr. Levin. I also would like to specifically object to the
> comment Your Honor made back to the jury, there is only one count with
> three elements on the record. And, if something was to be given to the
> jury at this point before they actually ask another question, because they
> said we understand, but if something was to be given to them right now,
> I would like Your Honor to consider this small amendment I've added to
> the proposal.

(D.I. 129 at 1-5) After further discussion, another written response was sent to the jury. (*Id.* at 6) A few hours later, the jury returned a guilty verdict. (*Id.* at 9)

4. **Standard of review.** Upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). Motions for new trial in the interests of justice are committed to the sound discretion of the district court. *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). In evaluating a motion for new trial, the court does not view the evidence favorably to the government but, rather, exercises its own judgment in evaluating the government's case. *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).

5. Federal Rule of Criminal Procedure 43 mandates that a defendant be present at "every trial stage, including jury impanelment and the return of the verdict." A defendant's right to be present is "grounded in the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment." *United States v. Toliver*, 330 F.3d 607, 611 (3d Cir. 2003) (citing *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). Communications between the jury and the trial judge are a "trial

4

stage" that requires a defendant's presence. *Rogers v. United States*, 422 U.S. 35, 39 (1975). To that end, a "jury's message [must be] answered in open court and [defense] counsel must be given an opportunity to be heard before the trial judge respond[s]." *Id.*

6. The harmless error standard applies to Rule 43 violations. *Toliver*, 330 F.3d at 613. For an error to be deemed harmless, the "government must prove beyond a reasonable doubt that the defendant was uninjured by the error." *Id.* In other words, "there must be no reasonable possibility of prejudice" for the error to be deemed harmless. *United States v. Alessandrello*, 637 F.2d 131, 139 (3d Cir. 1980); *United States v. Holmes*, 339 Fed. Appx. 151, 152 (3d Cir. 2009) (unreported).

7. The record at bar reflects that the court violated Rule 43 by failing to confer with counsel prior to responding to the jury's question. The court cannot conclude, beyond a reasonable doubt, that defendant was uninjured by this error. Accordingly, a new trial is warranted.

IT IS FURTHER ORDERED that:

1. A jury trial is scheduled to commence on **Wednesday, October 26, 2011** at **9:30 a.m.** in courtroom 4B, fourth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

2. A pretrial conference is scheduled for **Wednesday, October 12, 2011** at **4:30 p.m.** in courtroom 4B, fourth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.

3. Motions *in limine* shall be filed by **September 28, 2011**, with responses due by **October 5, 2011.** Proposed jury instructions, proposed verdict sheet and *voir dire* shall be filed on or before **October 10, 2011.**

4. Defendant shall advise the court on or before **September 28, 2011** whether he wishes to proceed pro se or wishes Mr. Levin to assume representation.[3]

5. The time between this order and the commencement of trial shall be excluded under the Speedy Trial Act in the interests of justice. 18 U.S.C. § 3161(h)(8)(A).

_____
United States District Judge

---

[3] As the transcript reflects, both standby counsel and defendant participated at trial, as exemplified by the discussion of the jury note. To prevent confusion to the jury and to promote an orderly and expeditious disposition of this matter, such double-teaming by defendant and standby counsel will not be permitted in the future.