IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 09-117-LPS |
| ) | |
| SEAN DAVID WOODSON, ) | |
| ) | |
| Defendant. ) | |

Jennifer K. Welsh, Esquire and David L. Hall, Esquire, OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF DELAWARE, WILMINGTON, DE.

Counsel for Plaintiff.

Sean David Woodson, PHILADELPHIA FEDERAL DETENTION CENTER, PHILADELPHIA, PA.

Pro se Defendant.

Peter Levin, Esquire, PHILADELPHIA, PA.

Standby Counsel for Defendant.

**MEMORANDUM OPINION**

March 5, 2013
Wilmington, Delaware.

**STARK, U.S. District Judge:**

The Court addresses fourteen motions filed by Defendant Sean David Woodson. (D.I. 222, 229, 246, 247, 250, 251, 253, 254, 257, 258, 259, 262, 266, 274)

## I. BACKGROUND

On February 17, 2010, a federal grand jury returned a one-count Superseding Indictment with notice of forfeiture against Sean David Woodson ("Defendant") on a charge of possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 18) Defendant had initially been indicted on December 10, 2009. (D.I. 2) Following his arrest, Defendant was ordered detained pending trial by United States Magistrate Judge Mary Pat Thynge. (D.I. 14) On August 16, 2010, the Court granted Defendant's Motion to Terminate Counsel and proceed *pro se*. (D.I. 40) Peter Levin, Esquire was appointed as standby counsel for Defendant on August 27, 2010. (D.I. 51)

A jury trial on the Superseding Indictment commenced on January 4, 2011. The government sought to prove that Defendant possessed a .357 magnum Taurus revolver. (D.I. 127 at 86) The jury found Defendant guilty. (D.I. 111) On January 12, 2011, Defendant filed a motion for a new trial, arguing in part that the Court had erred by responding to a jury question without first consulting with the parties. (D.I. 117; D.I. 146 at 6-9) On this basis, the Court granted Defendant's motion for a new trial. (D.I. 157) Defendant also filed a Motion for Judgment of Acquittal, which the Court denied. (*Id.*)

On August 22, 2011, Defendant filed a Notice of Appeal with respect to the denial of his

Motion for Judgment of Acquittal. (D.I. 161, 165) The Government then filed a Notice of Cross Appeal with respect to the Court's granting of a new trial. (D.I. 162) On January 11, 2012, the Court of Appeals terminated Defendant's appeal for lack of jurisdiction. (D.I. 186) On January 4, 2013, the Court of Appeals issued an opinion affirming the granting of a new trial. (D.I. 243 Ex. 1) On January 28, 2013, the Court of Appeals mandate issued, returning the case to this Court. (D.I. 243)

Meanwhile, on August 8, 2011, the case was reassigned from the Honorable Sue L. Robinson to the undersigned judge. This Court thereafter addressed Woodson's detention status several times. On January 3, 2012, the Court held a detention hearing and, on January 9, 2012, issued a memorandum order outlining its reasoning for keeping Defendant detained pending trial. (D.I. 185 at 3-7) On January 20, 2012, the Court denied Defendant's motion for reconsideration of its decision to detain him pending trial. (D.I. 189) On February 13, 2012, the Court denied Defendant's second motion for reconsideration of its decision to detain him pending trial. (D.I. 193)

## II. DISCUSSION

### A. There Is No Basis for Recusal

In connection with the January 2012 detention hearing, the undersigned judge reviewed the Presentence Report ("PSR") that had been prepared by the United States Probation and Parole Office ("USPO") for purposes of the sentencing that was to be held before Judge Robinson as a result of Defendant's conviction. Defendant contends that the Court's review of the PSR "was error of the clearest kind." (D.I. 222 at 2-3) On this basis, he seeks recusal of the undersigned judge and reassignment of this case to another judge.

Pursuant to 28 U.S.C. § 455, it is the duty of a federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The test for recusal is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Generally, a judge is required to recuse himself if he forms a bias arising from an "extrajudicial source," that is, "a source outside the judicial proceeding at hand." *Liteky v. United States*, 510 U.S. 540, 545, 553 at n.2 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

Woodson's recusal motion fails for several reasons. First, even if it were error for the Court to review the PSR (and there was not), any "bias" that might thereby be formed would not be based on an extrajudicial source. Under the circumstances, a reasonable person, with knowledge of all the facts, would not conclude that the undersigned judge's impartiality could reasonably be questioned. *In re Kensington*, 353 F.3d at 220. Second, notwithstanding Defendant's assertion that review of the PSR was the "primary reason" he was detained (D.I. 222 at 1), in fact, as the Court stated, the PSR was "considered solely for the purpose of listing Defendant's criminal history" (D.I. 185 at 4).[1] Third, even without access to the PSR, the Court

---

[1] At the January 3, 2012 hearing, the Court stated:

> Let me first say with respect to the presentence investigation report, as I said earlier in the hearing, I have reviewed the entirety of it fairly carefully, but in light of Mr. Woodson's objection to the Court relying on it, I have only relied on it for purposes of my ruling to the extent that it sets out what the

Case 1:09-cr-00117-LPS Document 277 Filed 03/05/13 Page 5 of 10 PageID #: 1730

would have had to have learned of Woodson's criminal history in another manner, such as a bail report prepared by the pretrial services division of the USPO or from a proffer by the government.[2] Fourth, Woodson's position, if adopted, would seem to require that all criminal retrials following appeal take place in front of a judge different than the one who presided at the original trial, as that earlier judge will have necessarily reviewed the presentence report. The Court is not aware of any authority mandating such a practice.[3] *See generally United States v. Bertoli*, 40 F.3d 1384, 1411-13 (3d Cir. 1994) (remanding for resentencing and denying defendant's request for reassignment to different district judge).

"Judicial recusal is not to be undertaken lightly, and, as courts in this circuit and in other circuits acknowledge, there is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is." *Svindland v. Nemours Found.*, 2009 WL 2603183, at *2 (E.D. Pa. Aug. 21, 2009). As there is no occasion here for the

---

> Probation Office believes is Mr. Woodson's criminal history. So I have relied on it for the recitation of what is the criminal history, including the violations of probation attributed to Mr. Woodson.

(D.I. 184 at 27)

[2]Defendant chose to file a motion for release pending appeal. (D.I. 171) The Court then needed to rule on that motion. Under the applicable statute, one of the considerations the Court must evaluate in ruling on such a motion is the history and characteristics of the defendant. *See* 18 U.S.C. § 3142(g)(3). This includes criminal history. *See id* § 3142(g)(3)(A) ("The judicial officer shall . . . take into account the available information concerning . . . the history and characteristics of the person, including – . . . criminal history . . . .").

[3]The cases on which Woodson relies in his motion, *see United States v. Small*, 472 F.2d 818, 822 (3d Cir. 1972); *Gregg v. United States*, 394 U.S. 489 (1969), are unhelpful to him. For instance, in *Small*, 472 F.2d at 822, the Third Circuit expressly contemplated that "circumstances often may arise when the judge views a defendant's presentence report for legitimate purposes before trying him or presiding over his trial."

undersigned judge to recuse himself, Woodson's motion will be denied.[4]

## B. Defendant Will Continue to be Detained Pending Trial

Defendant again moves for release pending trial, pursuant to 18 U.S.C. § 3142. (D.I. 247 at 1) As noted above, Woodson's release status has been the subject of four prior determinations by this Court. (*See* D.I. 14, 185, 189, 193) Defendant has presented no new evidence relevant to the detention inquiry. Nonetheless, the Court has again evaluated the factors the law requires it to consider, and has concluded, again, that Defendant should be detained pending trial.[5]

### i. nature and circumstances of the offense

The Superseding Indictment arises from a search of Defendant's vehicle on October 8, 2009 conducted by a Delaware State Probation Officer. (D.I. 35 at 3) Inside a locked box found in the trunk of Defendant's vehicle, officers observed a loaded .357 handgun, several baggies of suspected marijuana, a social security card (belonging to defendant), and drug paraphernalia. (D.I. 34 at 15, 22-23, 28)

### ii. weight of the evidence

There is at least probable cause to believe Defendant is guilty, as Woodson has been twice indicted by a federal grand jury in the District of Delaware for violating 18 U.S.C. §§ 922(g)(1) and 924(e). (D.I. 2, 18) Also relevant is that the jury, following a three-day trial,

---

[4]Defendant's motion to strike the PSR (D.I. 222) will likewise be denied, as there was no error in the Court's limited consideration of the PSR.

[5]Title 18 U.S.C. § 3142(e) provides: "if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

5

found him guilty of this offense beyond a reasonable doubt.

### iii. history and characteristics of Defendant

After the detention hearing on January 3, 2013, the Court found:

> among Defendant's 11 adult convictions are two convictions for assault and four burglary convictions. Defendant was on probation at the time of his arrest, and has violated probation at least three times. Defendant has no ties to this community and presented no evidence of familial support. Given his criminal background, Defendant may be subject to a minimum mandatory sentence of 15 years imprisonment, or an advisory Sentencing Guideline Range of 210-262 months, giving him an incentive not to appear at further proceedings.

(D.I. 185 at 6) By his new Motion for Release and submissions in support, Defendant argues at great length that he will not be subject to the armed career criminal act, see 18 U.S.C. § 924(e), and provides commentary on each of his 11 previous adult convictions. Regardless of whether Woodson is eligible for sentencing as an armed career criminal, his criminal history remains extensive, a factor the Court accords great weight in evaluating a release request. Even though Woodson has now served a substantial amount of time, he faces at least a reasonable prospect of being sentenced to substantial additional incarceration (if he is convicted), creating a continuing risk of flight.

### iv. danger posed by Defendant's release

Notwithstanding Defendant's explanations (see, e.g., D.I. 234), the Court concludes that Defendant – particularly given his long and at times violent criminal history – would pose a risk of danger to the community if released.

Accordingly, Defendant's request for release will be denied.

### C. The Superseding Indictment Will Not Be Dismissed

Defendant has filed two (apparently identical) "Motions to Dismiss with Prejudice for Fundamental Defect." (D.I. 229, 253) Essentially, Defendant argues that the statute under which he has been charged, 18 U.S.C. § 922(g)(1), unconstitutionally violates his rights under the Second Amendment. (*See* D.I. 253 at 8) (arguing "convicted felon has no opportunity to present evidence regarding whether he poses . . . a threat . . . and is given no notice . . . . to be heard on statute's automatic deprivation, and potential future deprivation, of his fundamental liberty interests"); *id.* at 10 (arguing "procedural due process violation is enough to declare 18 U.S.C. § 922(g)(1) . . . to be unconstitutional")) Defendant's constitutional claims must be rejected in light of binding precedent. *See United States v. Barton*, 633 F.3d 168, 170, 175 (3d Cir. 2011) ("[D]enying felons the right to possess firearms is entirely consistent with the purpose of the Second Amendment to maintain the security of a free State.") (internal quotation marks omitted); *see also District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ."). Accordingly, Defendant's motions (D.I. 229, 253) will be denied.

Defendant has also moved to dismiss the Superseding Indictment on the grounds that it fails to state an offense, arguing that the prior conviction relied on in the Superseding Indictment did not result in his incarceration for more than one year. (D.I. 251 at 3) However, the prior offense on which the instant felon-in-possession charge is predicated is Woodson's 2009 conviction in Sussex County, Delaware for Third Degree Burglary, a Class F felony punishable

by more than one year in prison. *See* 11 Del. C. § 824; 11 Del. C. § 4205(b)(6) (setting "maximum term of 3 years imprisonment for a Class F felony"). This motion will be denied.

### D. The Motions for Reconsideration Will Be Denied

Defendant's motion to treat certain motions as new motions (D.I. 274), motion to suppress evidence (D.I. 254), and motion to dismiss based on his unwillingness to recognize the lawfulness of the charge brought against him (D.I. 266) will all be denied. These are essentially belated, non-meritorious requests for reconsideration.

The Court denied Defendant's previous motion to suppress the evidence obtained from a vehicle search (D.I. 35; *see also* D.I. 21), and the Court finds no basis to reconsider this determination. Likewise, the Court denied Defendant's previous motion to dismiss based on the purported unlawfulness of the charges (D.I. 67 at 10), and the Court finds no basis to reconsider this determination. Defendant does not demonstrate (1) that there has been an intervening change in controlling law; (2) new evidence, which was not previously available; or (3) that it is necessary to correct a clear error of law or to prevent manifest injustice. *See Max's Seafood Café v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

### E. Motion for Speedy Trial

Defendant asks that this Court "promptly" dispose of the pretrial motions and set a trial within 70 days of the Court's ruling on his pretrial motions. (D.I. 246) The Court will grant this motion to the extent it asks the Court to comply with the Speedy Trial Act. That is, trial will commence within 70 days of the date of the Court's order accompanying this Memorandum

Opinion, subject to any exclusions provided for by the Speedy Trial Act. For instance, no time ran on the speedy trial clock during the pendency of the parties' interlocutory appeals. *See* 18 U.S.C. § 3161(h)(1)(C). Similarly excluded is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).[6]

By separate order, the Court will be scheduling another status conference, at which it will address with the parties the timing of the pretrial conference and trial, including a schedule for submission and briefing of any motions *in limine*.[7]

### F. Discovery Motions

Defendant's motions for discovery in connection with the forthcoming trial (D.I. 257, 258, 259) will be denied without prejudice to renew if the government, contrary to its representations (D.I. 275 at 10), fails to provide Defendant with the discovery to which he is entitled.

### III. CONCLUSION

An appropriate order will be entered.

---

[6] Hence, given that Woodson has filed another motion on February 28, 2013, to which the government has not yet had an opportunity to respond, time will continue to be excluded from the speedy trial calculation going forward.

[7] Hence, Defendant's motion to set such a schedule (D.I. 262) is granted, to the extent that the Court will enter a schedule following the upcoming status conference.

9