IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 09-117-LPS |
| | ) | |
| SEAN DAVID WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is the United States' Motion to Admit Evidence of Witness Tampering. (D.I. 362) The government's motion will be granted in part and denied in part.

Trial will commence on July 22, 2013 on several counts of the operative indictment. Specifically, the trial will deal with the charges that, on October 8, 2009, Defendant Sean Woodson unlawfully possessed a firearm, heroin, marijuana, and oxycodone. A separate trial will be held later to deal with the remaining indictment charges, which relate to obstruction of justice and witness tampering between November 2010 and January 2013.

Evidence is relevant if it has any tendency to make a fact of consequence to the litigation more or less probable. *See* Fed. R. Evid. 401. The Court agrees with the government that the anticipated testimony of James Runyon is relevant to the charges that will be the subject of next week's trial. Mr. Runyon is expected to testify that Woodson admitted to him that he knowingly possessed the firearm as alleged in the operative indictment; this testimony is probative of Woodson's potential guilt on the firearms charge. Mr. Runyon is further expected to testify that prior to the first trial of the felon-in-possession charge (in January 2011), Woodson asked Mr.

1

Runyon to testify at trial to a false story that could have aided Woodson's defense. This evidence is probative of Woodson's consciousness of guilt, which is relevant.

These determinations, however, do not end the analysis. This is because admitting the expected testimony of Mr. Runyon would create a danger of unfair prejudice to Woodson. *See* Fed. R. Evid. 403. Indeed, in the Court's view, the danger of unfair prejudice to Woodson substantially outweighs the relevance of Mr. Runyon's testimony. As noted, the government seeks to elicit from Mr. Runyon testimony that Woodson attempted to persuade Mr. Runyon to tell a false story at the earlier trial. Woodson has been indicted for such alleged conduct and the Court has decided to sever the charges relating to that conduct for a separate trial. (D.I. 351 at 2-4) To permit the government nonetheless to introduce the evidence it seeks to introduce through Mr. Runyon would defeat the purpose of the severance decision.

While the balance is somewhat closer with respect to Mr. Runyon's testimony about Woodson's purported admission, the Court will exclude this evidence as well. Because the purported admission evidently occurred in connection with Mr. Runyon's agreement to testify falsely,[1] permitting testimony (including proper cross-examination) about the admission would necessarily bring out the allegations about the false testimony (as well as the irrelevant fact that Woodson has been tried before on the gun possession charge). Hence, again, the danger of unfair prejudice substantially outweighs the relevance and the Court will preclude Mr. Runyon from testifying as part of the government's case-in-chief.

The Court agrees with the government that the anticipated testimony of Altanonge Lee

---

[1] The government proffers: "He [Mr. Runyon] would also explain that after Mr. Runyon agreed to testify falsely, the Defendant confessed to Mr. Runyon that the Defendant did in fact possess the firearm on October 8, 2009." (D.I. 362 at 3)

2

Washington is relevant to the charges that will the subject of next week's trial. Mr. Washington is expected to testify that: (1) as a former co-worker of Woodson's, he smoked marijuana with Woodson, marijuana Woodson retrieved from a safe in the trunk of his car; (2) Woodson told Mr. Washington he had a firearm in the safe; and (3) Woodson wrote a letter to Mr. Washington asking him not to testify at the 2011 trial and wrote a letter to another co-employee asking her to tell Mr. Washington not to testify. All of this evidence makes it more likely that Woodson is guilty of the firearms and marijuana possession charges and the last of these points (#3) is probative of guilt on all counts as it shows consciousness of guilt.

Under Rule 403, the probative value of points (1) and (2) is not substantially outweighed by the danger of unfair prejudice to Woodson. The Court understands that Mr. Washington will testify that he and Woodson knew each other prior to October 8, 2009, so his testimony will not need to reveal anything regarding the first trial or Woodson's incarceration. However, pursuant to Rule 403, the Court will preclude Mr. Washington from testifying to point #3, as here the danger of unfair prejudice to Woodson does substantially outweigh the probative value of the evidence. This is because, for the same reasons as explained with respect to Mr. Runyon, permitting Mr. Washington to testify to Woodson's efforts to persuade him not to testify would defeat the purpose of the Court's severance order.

Accordingly, IT IS HEREBY ORDERED that the government's motion (D.I. 362) is GRANTED to the extent that Mr. Washington may testify to the topics identified as (1) and (2) above and is DENIED in all other respects.[2]

---

[2] The government shall take all necessary steps to make Mr. Washington aware of the Court's Order and to ensure his compliance with it.

3

IT IS HEREBY FURTHER ORDERED that Woodson's largely mirror-image motion to exclude the evidence the government seeks to admit (D.I. 363) is DENIED AS MOOT.

July 17, 2013  
Wilmington, Delaware

_____  
UNITED STATES DISTRICT JUDGE