IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 09-117-LPS |
| | ) | |
| SEAN DAVID WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court in this criminal action are multiple pretrial motions filed by the

government and Defendant, Sean David Woodson ("Defendant" or "Woodson").  In advance of a

pretrial conference to be held this same day, the Court rules on Defendant's motions.  As the

Court has not received a response from Defendant to the government's motions, the Court will

address the government's motions at the pretrial conference, after providing Defendant an

opportunity to respond.

## BACKGROUND

On February 17, 2010, a grand jury returned a one-count Superseding Indictment

charging Woodson with being a felon in possession of a firearm on October 8, 2009, in violation

of 18 U.S.C. § 924(g)(1) & 924(e).  (D.I. 17)  On January 4, 2011, following trial, a jury found

Woodson guilty.  (D.I. 110, 111)  Subsequently, Woodson's post-trial motion for a new trial was

granted.  (D.I. 157)

Both Woodson and the government filed appeals, which were resolved by the Third

Circuit on January 11, 2012 and January 28, 2013, respectively.  (D.I. 186, 243)  On March 14,

2013, the Court held a status conference with the parties and, thereafter, scheduled a jury trial of up to four days to begin on July 22, 2013. (D.I. 283)

On April 2, 2013, a grand jury returned a nine-count Second Superseding Indictment. (D.I. 305) Count I repeats the felon in possession charge of the earlier Superseding Indictment. The additional counts are: obstruction of justice on January 29, 2013 by submitting false documents to this Court, in violation of 18 U.S.C. § 1503 (Count II); obstruction of justice on January 24, 2013 by submitting false documents to a justice repository in Maryland, in violation of 18 U.S.C. § 1503 (Count III); obstruction of justice on November 2, 2012 by submitting false documents to the Baltimore County Police Department, in violation of 18 U.S.C. § 1503 (Count IV); obstruction of justice - witness tampering on December 5, 2010 by corruptly persuading another person with the intent to influence his testimony at the first trial in this matter, in violation of 18 U.S.C. § 1512(b)(2)(A) (Count VI); obstruction of justice - witness tampering on November 5, 2010 by corruptly persuading another person to withhold testimony from the first trial in this matter, in violation of 18 U.S.C. § 1512(b)(2)(A) (Count VII); and, on October 8, 2009, possession of oxycodone, heroin, and marijuana, in violation of 21 U.S.C. § 844(a) (Counts VII, VIII, IX). (Throughout the remainder of this Memorandum Order, the Court sometimes refers to Counts II through VI collectively as the "obstruction counts" and Counts VII through IX collectively as the "drug possession counts.")

On multiple occasions, including following extensive colloquies, Woodson has expressed his desire to exercise his right to represent himself. (*See*, *e.g.*, D.I. 265, D.I. 306 at 3-11, D.I. 412) Woodson has been in custody since October 8, 2009.

On June 26, 2013, the Court issued a Memorandum Order resolving numerous pretrial

2

motions. (D.I. 351) Among other things, the Court's Memorandum Order: severed the felon-in-possession and drug possession counts for a separate trial from the obstruction counts; denied Woodson's motion to suppress evidence of a search of his prison cell; denied Woodson's motion to exclude other crimes evidence; and denied without prejudice to renew certain motions addressed to issues relating only to the obstruction counts, which the Court ruled would be tried after trial of the other counts. (*Id.*)

On July 25, 2013, after trial on the felon-in-possession and drug possession counts, a jury returned a verdict of guilty on unlawful possession of heroin and marijuana and verdicts of not guilty on the firearm possession and unlawful possession of Oxycodone counts. (D.I. 391) Trial on the obstruction counts is scheduled to begin on September 17, 2013.

## DEFENSE MOTIONS

### For Judgment of Acquittal (D.I. 383)

Although the docket shows this motion as pending, the Court denied it during trial. (*See* Transcript, July 24, 2013 at C-543 to C-546)

### For U.S. Marshal Transport to State Hearing (D.I. 392)

This motion is denied, based on the government's representation that no official in the State of Maryland has requested the assistance of the federal government to transport Woodson to Maryland for any hearing. (D.I. 397 at 2)

### For Copy of Motions and Docket Entry List (D.I. 399)

This motion will be granted. The Clerk of Court is directed to provide Woodson with copies of the documents he requested (D.I. 314, D.I. 347, D.I. 383, and the docket index).

3

Renewal of Motion for Judgment of Acquittal on Counts III and IV (D.I. 400)

Following the July 25, 2013 return of the jury's verdict, Woodson renewed his motion for judgment of acquittal as to Counts III and IV – that is, the counts on which he was found guilty (charging unlawful possession of heroin and marijuana). In support, Woodson "offers the same reasons expounded" in his original motion for judgment of acquittal filed during trial. (D.I. 400) The Court will deny the renewed motion for the same reasons it denied the original motion. (*See* Tr. at C-543 to C-546)

For Return of Property (D.I. 401)

Woodson asks the Court to order the government to return to him his social security card, birth certificate, car title, parking ticket, and certain business and tax documents, "for they are no longer a necessary part of plaintiff's case and defendant will need them for his reintroduction into society." (D.I. 401 at 1) Woodson remains in custody, is scheduled for trial later this month, and will ultimately be sentenced. The Court sees no basis to provide the relief Woodson seeks at this time and this motion will be denied.

For Copies of Documents Filed on August 9, 2013 (D.I. 403)

This motion will be granted. The Clerk of Court is directed to provide Woodson with copies of D.I. 403-408.

To Reconsider Motion to Suppress Prison Cell Search Evidence (D.I. 409)

This motion will be denied as the Court finds no sufficient basis to grant it. *See generally Max's Seafood v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). There is evidence to support a finding that the search of Defendant's prison cell was initiated by Federal Detention Center personnel, based on allegations raised by Maryland law enforcement officials. The entities

4

prosecuting Defendant – the United States Attorney's Office for the District of Delaware and the Bureau of Alcohol, Tobacco, Firearms and Explosives – were not involved in the decision to search Defendant's cell. "The Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell," *Crosby v. Piazza*, 456 Fed. Appx. 168, 172 (3d Cir. Mar. 27, 2012), as prisoners do no have a reasonable expectation of privacy, *see Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see also Bell v. Wolfish*, 441 U.S. 520, 556-57 (1971).

To Sever (D.I. 410)

Woodson seeks two separate trials on: (a) the three obstruction of justice charges, stemming from allegations he submitted fabricated documents to this Court, the Baltimore County Police Department, and the Criminal Justice Information Systems Central Repository; and (b) the witness tampering charges, stemming from allegations he attempted to corruptly persuade James Runyon and Altanonge Washington not to testify at his 2011 trial on the felon-in-possession charge. Woodson alleges these "are completely separate and different matters." (D.I. 410 at 1)

The Court will deny this motion. Defendant has failed to meet his burden of proving prejudice from a single trial on the five obstruction counts. *See* Fed. R. Crim. Proc. 14(a); *United States v. Shabazz*, 319 Fed. Appx. 127, 130 (3d Cir. Apr. 6, 2009) ("If joinder is proper under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.") (internal quotation marks omitted); *United States v. Gorecki*, 813 F.2d 40, 43 ("A claim of improper joinder under Fed. R. Crim. P. 14 must demonstrate clear and substantial prejudice.") (internal quotation marks

omitted). Additionally, as the government argues, both types of conduct with which Woodson is charged – witness tampering and forging court orders – "were part of a scheme to obstruct justice in connection with Count One," the felon in possession charge, so "the government will need to prove that the defendant's conduct was related to Count One." (D.I. 432 at 9-10) Hence, evidence of the witness tampering would be admissible at a separate trial for forging documents, and vice versa, further demonstrating the lack of prejudice from a single trial.

For Implementation of Rule 615 (D.I. 411)

This motion will be granted. Pursuant to Federal Rule of Evidence 615, witnesses will be excluded from hearing other witnesses' testimony at trial.

For Prompt Disposition of Pretrial Motions (D.I. 414)

This motion will be granted.

To Reconsider Motion to Suppress and Enter Judgment of Acquittal (D.I. 415)

Defendant asks the Court to reconsider its denial of his motion to suppress evidence recovered from the search of his vehicle on October 8, 2009 and, as a result, enter a judgment of acquittal on the counts charging him with unlawful possession of heroin and marijuana found in a safe in the trunk of that vehicle. This motion will be denied as the Court finds no sufficient basis to grant it. *See generally Max's Seafood*, 176 F.3d at 677. As the Court has previously concluded, the search of Defendant's vehicle was lawful. The fact that subsequently the jury found the government failed to prove beyond a reasonable doubt that Defendant possessed Oxycodone on his person does not mean that probation officers lacked authority on October 8, 2009 to conduct the vehicle search.

6

For Entrapment Defense Instruction (D.I. 416)

Defendant moves *in limine* to include in the jury instructions an entrapment defense instruction. Defendant's theory is that all of the obstruction-related counts "allege that defendant attempted to affect an official proceeding that was visited on defendant by plaintiff for a violation he did not commit." (D.I. 416 at 2) That is, Defendant contends that even if he submitted forged documents and corruptly persuaded witnesses, that was all in connection with trial (and eventually sentencing) on the charge that he was a felon-in-possession of a firearm, a charge of which he has now been acquitted.

Defendant's motion will be denied. Based on Defendant's representations to date, it does not appear that an entrapment instruction will be warranted, for reasons including the lack of any evidence that the government deceived Woodson or implanted the criminal design in his mind. *See United States v. Russell*, 411 U.S. 423, 436 (1973) ("It is only when the Government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play.").

Furthermore, even though Defendant is, as a matter of law, not guilty of the felon-in–possession charge (and may also be, as a matter of fact, innocent of that charge), this does not make submission of false documents or witness tampering lawful. That is, Defendant's acquittal does not provide a defense to the remaining criminal charges.

To Exclude Irrelevant, Prejudicial, and Other Crimes Evidence (D.I. 417)

By this motion, Defendant seeks an order directing "the government and their witnesses not to make any mention either directly or indirectly of bad acts allegedly committed by defendant, or attempt to impute defendant's guilt on the current charge[s] as a result of innuendo

7

or speculation as a result from allegations of his bad acts or contracts signed with various courts allowing convictions but not admitting guilt." (D.I. 417 at 5) Because there are limited, proper purposes for which the government seeks to admit Defendant's criminal record (*see* D.I. 424, which will be addressed at the pretrial hearing),[1] Defendant's motion will be denied. Additionally, the government will be permitted to introduce the fact that Defendant has previous convictions – without elaboration regarding what the convictions were for – as it will be necessary for the government to explain to the jury that Defendant had prior convictions which he was allegedly attempting to expunge through forging documents.

To Exclude Evidence Seized from Prison (D.I. 418)

This motion will be denied. Whether evidence seized from Defendant's prison cell belongs to him is a contested issue on which both sides will be permitted to present evidence. Evidence of what was seized from Defendant's cell is relevant to issues including whether he was fabricating false documents for submission to this Court and the probative value of that evidence is not substantially outweighed by any unfair prejudicial effect (or any of the other concerns of Federal Rule of Evidence 403) of it. Indeed, there is likely no unfair prejudice, as the jury will necessarily learn that Defendant was incarcerated (and the fact that he was involved in a previous trial) given the nature of the charges he faces. The government will be required to authenticate the documents before they are admitted.

---

[1] The Court granted the government's essentially identical motion prior to the July 2013 trial. (*See* D.I. 351 at 6)

8

## To Exclude Irrelevant, Prejudicial Physical Evidence (D.I. 419)

This motion will be denied. The seven documents Defendant seeks to exclude are all relevant to the government's effort to prove the pending criminal charges and no risk of unfair prejudice (or the other concerns of Rule 403) substantially outweighs their probative value. All of these documents are allegedly forgeries or "forgeries in progress" and, hence, highly relevant to the pending charges. The government will be required to authenticate the documents before they are admitted.

## For Affirmative Defense Instruction (D.I. 420)

This motion will be denied. While 18 U.S.C. § 1515(c) provides that the statutes pursuant to which Defendant is being prosecuted (18 U.S.C. §§ 1503, 1512) "do[] not prohibit or punish the providing of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding," Defendant is alleged to have fabricated false documents and corruptly persuaded witnesses, neither of which are within the scope of "bona fide, legal representation services." The instructions the Court will give as to the elements of the offenses charged will make it clear to the jury that they cannot convict Defendant unless they find that he "corruptly persuaded" a witness.

## WOODSON'S *EX PARTE* FILINGS

Woodson has filed numerous documents *ex parte*. (*See* D.I. 405, 406, 407, 408) By separate filings today, the Court has addressed the *ex parte* matters.

9

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.     Woodson's motion for judgment of acquittal (D.I. 383) is DENIED.

2.     Woodson's motion for U.S. Marshal transport to state hearing (D.I. 392) is

DENIED.

3.     Woodson's motion for copy of motions and docket entry list (D.I. 399) is

GRANTED.

4.     Woodson's renewed motion for judgment of acquittal on Counts III and IV (D.I.

400) is DENIED.

5.     Woodson's motion for return of property (D.I. 401) is DENIED.

6.     Woodson's motion for copy work (D.I. 403) is GRANTED.

7.     Woodson's motion for reconsideration of motion to suppress evidence (D.I. 409)

is DENIED.

8.     Woodson's motion to sever charges (D.I. 410) is DENIED.

9.     Woodson's motion in limine to implement Fed. R. Evid. 615 (D.I. 411) is

GRANTED.

10.    Woodson's motion for prompt disposition of pretrial motions (D.I. 414) is

GRANTED.

11.    Woodson's motion for reconsideration of motion to suppress and motion for

judgment of acquittal (D.I. 415) is DENIED.

12.    Woodson's motion for entrapment defense instruction (D.I. 416) is DENIED.

10

13. Woodson's motion to exclude irrelevant, prejudicial, and other crimes evidence

(D.I. 417) is DENIED.

14. Woodson's motion to exclude evidence seized from prison (D.I. 418) is DENIED.

15. Woodson's motion to exclude irrelevant, prejudicial physical evidence (D.I. 419)

is DENIED.

16. Woodson's motion for affirmative defense instruction (D.I. 420) is DENIED.

September 3, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

11