IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 09-117-LPS |
| | ) | |
| SEAN DAVID WOODSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Defendant Sean David Woodson ("Defendant") has filed three motions seeking return of property (D.I. 481, 486, 490) and three motions relating to his conditions of supervised release (D.I. 489, 498, 502). Having considered the motions and associated filings (*see* D.I. 481, 482, 486, 489, 490, 492, 493, 494, 495, 496, 498, 499, 501, 502), IT IS HEREBY ORDERED that Defendants' motions (D.I. 481, 486, 489, 490, 498, 502) are DENIED.

**I.  BACKGROUND**

The background of this long-running criminal action is set out in detail in other opinions and orders. (*See* D.I. 35, 67, 80, 157, 185, 218, 243, 277, 351, 379, 433) After several indictments, two jury trials, two appeals, and an eventual plea of guilty to multiple charges (including to offenses that Defendant committed while incarcerated), the Court sentenced Defendant to seventy (70) months imprisonment on counts 2 and 5 of the Second Superseding Indictment, to run concurrent with the twelve (12) month term of imprisonment on counts 8 and 9 of the Second Superseding Indictment. (D.I. 471 at 2) The Court further sentenced Defendant to serve thirty-six months (36) of supervised release, pay a $250.00 special assessment, and also

1

pay a $2,000.00 mandatory fine. (*Id.* at 3)

## II. MOTIONS FOR RETURN OF PROPERTY

Defendant filed three motions to return property that was seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") at the time of his arrest. (*See* D.I. 481, 486, 490) Initially, the government objected to return of the property, given the pendency of Defendant's appeal, but that appeal has since concluded. (*See* D.I. 483) Thereafter, while the government did not object to returning Defendant's property, it asked that Defendant first provide written confirmation that he consents to release by ATF of his property to a specified third party. (*See* D.I. 492 at 2-3) The parties submitted to the Court various letters by which Defendant appears to have provided the government with the information it sought as a precondition to release of his property. (*See* D.I. 494, 495, 496) However, the record does not make clear the current status of the property.

Defendant is no longer incarcerated. (*See* D.I. 499) It is most likely that Defendant now has the property he asked the Court to order the government to return. The Court will, therefore, deny Defendant's motions, but the denials are WITHOUT PREJUDICE to Defendant renewing his request if his property has not yet been returned to him or his designee.

## III. MOTIONS TO TERMINATE OR MODIFY SUPERVISED RELEASE

The Court's authority to terminate or modify the conditions of supervised release is governed by statute:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> > (1) terminate a term of supervised release and

> discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; [or]
>
> (2) . . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

18 U.S.C. § 3583(e)(1).

In turn, Section 3553(a) requires the Court to consider all of the following factors in connection with deciding whether a termination or modification of the terms of supervised release is warranted:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or

> other correctional treatment in the most
> effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by
>> the applicable category of defendant as set forth in
>> the guidelines;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among
> defendants with similar records who have been found guilty of
> similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

Pursuant to Federal Rule of Criminal Procedure 32.1(c), before modifying the terms of supervised release, "the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," unless the person waives the hearing or "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and the government has not objected to the requested relief.

By his three motions relating to his supervised release (D.I. 489, 498, 502), Defendant essentially asks the Court to (1) terminate the remaining portion of his supervised release term, (2) terminate and/or modify most or all of the special conditions of supervised release, and (3) waive the special assessment and mandatory fine. The Court will deny Defendant's motions.

As an initial matter, to the extent Defendant is requesting that the Court "terminate" his term of supervised release (*see* D.I. 498), a precondition for an award of such relief pursuant to

4

§ 3583(e)(1) is that Defendant have served at least one year of supervised release. Defendant has not done so, as he only began his term of supervised release in or around October 2015, which is less than one year ago.[1] The Court must, therefore, deny his motion to terminate supervised release.

Further, at this time the Court has no basis to conclude that it would be in the interests of justice to terminate or modify any of his conditions of release. Considering the multiple factors set out in § 3553(a), the Court is not persuaded that the modifications requested would result in an overall sentence that "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense." Additionally, "the nature and circumstances of the offense[s] and the history and characteristics of the defendant" counsel against granting the relief sought. Among the charges to which Defendant pled guilty were two that he committed while detained awaiting trial. Earlier, he was convicted at trial for several drug possession charges arising from a search conducted while he was on probation. These factors – particularly in combination with Defendant's criminal history that predates the instant case – do not make Defendant a strong candidate for an early termination or modification of supervised release.

With respect to Defendant's request that the Court excuse him from paying the special assessment and fine, the Court lacks authority to grant such relief. Both the special assessment and the fine are mandatory.

---

[1] The Court agrees with the government that Defendant's term of federal supervised release did not begin in November 2014 when Defendant was released from federal prison, as he thereafter was subject to a State of Maryland detainer and served more than 30 days of non-federal prison time. (D.I. 501 at 2) (citing 18 U.S.C. § 3624(e))

The Court has no desire for Defendant to end up homeless and jobless, as his papers indicate he fears will be the result of his inability to pay the mandatory financial obligations the Court has imposed. The Court is confident that the United States Probation Office has the discretion and means to work with Defendant to ensure that Defendant's reentry into the community is not undermined by his financial obligations. (*See* D.I. 493) (government stating, "Many newly-released prisoners find the terms of their supervised release inconvenient, and many find solutions through consultation with the United States Probation Office.")

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE